# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARTHA F. CRAFT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social )<br>Security, )<br>)<br>)<br>Defendant. ) | 1:16CV97 |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Martha F. Craft ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and a Period of Disability ("POD") under Title II of the Act.

Presently before this Court are Plaintiff's motion for judgment on the pleadings and accompanying memorandum (Docket Entries 7-8), and the Commissioner's motion for judgment on the pleadings and accompanying memorandum (Docket Entries 9-10). This Court also has before it the certified administrative record,[1] and this matter is now ripe for adjudication. After a careful consideration of the evidence of record, the decision of the

---

[1] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Docket Entry 5.)

Administrative Law Judge ("ALJ"), and the governing legal standard, this Court concludes that remand is proper.

## I. BACKGROUND

Plaintiff protectively filed applications for DIB and a POD in March of 2013, alleging a disability onset date of December 1, 2010. (Tr. at 209-10.) The applications were denied initially and again upon reconsideration. (*Id.* at 115-19, 122-29.) Plaintiff then requested a hearing before an ALJ. (*Id.* at 130-31.) At the July 2, 2015 hearing, were Plaintiff, her counsel, and a vocational expert ("VE"). (*Id.* at 24.) After the hearing, the ALJ determined that Plaintiff was not disabled under the Act.[2] (*Id.* at 10-22.)

More specifically, the ALJ concluded (1) that Plaintiff last met the insured status requirement on December 31, 2011, (2) that Plaintiff had not engaged in "substantial gainful activity" from December 1, 2010 (the alleged onset date) through December 31, 2011 (the date last insured), and (3) that Plaintiff's hypertension, dyslipidemia, vitamin D deficiency, chronic obstructive pulmonary disease, lumbar and cervical degenerative disc disease with a history of anterior fusion at C4-C6, and obesity were severe impairments. (*Id.* at 12-13.) However, the ALJ concluded that the disorders did not meet or equal a listed impairment. (*Id.* at 14.)

---

[2] "The Commissioner uses a five-step process to evaluate disability claims." *Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012) (citing 20 C.F.R. §§ 404.1520(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy." *Id.* A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. *Id.*

The ALJ then determined that Plaintiff had the Residual Functional Capacity ("RFC")[3] to perform sedentary work, so long as she was limited to (1) only occasionally climbing ropes, ladders, and scaffolds, (2) only frequent bending, balancing, crouching, stooping, kneeling, and crawling, and (3) avoiding concentrated exposure to pulmonary irritants and work place hazards. (*Id.* at 14-18.) The ALJ then concluded that Plaintiff was able to perform her past relevant work as a telephone answering service operator. (*Id.* at 18.) Accordingly, the ALJ entered a decision that Plaintiff was not disabled and denied her benefits. (*Id.*)

Plaintiff requested that the Appeals Council review the ALJ's decision and on December 15, 2015 the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision for purposes of review. (*Id.* at 1-6.) Plaintiff then initiated this action.

## II.     LEGAL STANDARD

Federal law authorizes judicial review of the Commissioner's denial of social security benefits. 42 U.S.C. § 405(g); *Hines*, 453 F.3d at 561. However, the scope of review of such a decision is "extremely limited." *Fray v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by

---

[3] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006) (citation omitted). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981). "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." *Hines*, 453 F.3d at 562-63.

substantial evidence and were reached through application of the correct legal standard." *Hancock*, 667 F.3d at 472 (internal quotation marks omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1993) (quoting *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro v. Patel*, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." *Hunter*, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." *Mastro*, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock*, 667 F.3d at 472.

### III.  **PLAINTIFF'S ASSERTIONS OF ERROR**

Plaintiff asks this Court to reverse the decision of the Commissioner, and in support of her request, she makes several arguments. First, Plaintiff contends that the ALJ in this case did not properly address the 2010 decision rendered by an ALJ in a prior disability determination. (Docket Entry 8 at 4-7.) Second, Plaintiff contends that the ALJ erred in her assessment of the cognitive side effects of her narcotic medication. (*Id.* at 7-9.) For the following reasons, remand is proper.

4

## IV. ANALYSIS

Plaintiff contends that the ALJ in this case did not properly address the 2010 decision rendered by an ALJ in a prior disability determination. (Docket Entry 8 at 4-7.) This requires the Court to consider the *Livy/Albright* line of cases and AR 00-1(4), the ruling designed to provide guidance on those cases. In *Lively v. Secretary of HHS*, the claimant's first application for benefits was denied after he was found capable of light work. 820 F.2d 1391, 1392 (4th Cir. 1987). Two weeks later, the claimant turned 55 years old, the age at which a light work limitation would have qualified him for benefits, and he filed a second application for benefits. *Id.* In the subsequent decision, however, the ALJ found that the claimant was capable of work at any exertional level. *Id.* The Fourth Circuit reversed the ALJ's decision, holding that "[i]t is utterly inconceivable that his condition had so improved in two weeks as to enable him to perform medium work. Principles of finality and fundamental fairness . . . indicate that the Secretary must shoulder the burden of demonstrating that the claimant's condition had improved sufficiently to indicate that the claimant was capable of performing medium work." *Id.* The Commissioner later interpreted the holding in *Lively* to require that "[w]hen adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision . . . on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding." AR 94-2(4), 1994 WL 321954, *3 (Jul. 7, 1994).

However, in *Albright v. Comm'r*, 174 F.3d 473 (4th Cir. 1999), the Fourth Circuit rejected

the Commissioner's interpretation of *Lively*, because it erected an "absolute bar to an award of benefits, unless [Claimant] can produce new and material evidence that his impairment increased in severity by [the date] when his insured status expired." *Albright*, 174 F.3d at 475. Rather, the Fourth Circuit read *Lively* "as a practical illustration of the substantial evidence rule," in that "the finding of a qualified and disinterested tribunal [as to that Claimant's RFC] was such an important and probative fact as to render the subsequent finding to the contrary unsupported by substantial evidence," where the subsequent application related to a disability onset date commencing two weeks after the Claimant's initial denial of disability benefits. *Id.* at 477-78.

Following the Fourth Circuit's decision in *Albright*, the Commissioner issued AR 00-1(4). It instructs that, "[w]hen adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances." AR 00-1(4), at *4.[4] Relevant factors for determining the weight to give a prior finding include: "(1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent

---

[4] AR 00–1(4) only applies to "disability findings in cases involving claimants who reside in Maryland, North Carolina, South Carolina, Virginia or West Virginia at the time of the determination or decision on the subsequent claim." AR 00-1(4), at *4.

claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim." *Id.*

Furthermore, the Ruling instructs the ALJ to "give greater weight to such a prior finding when the previously adjudicated period is close in time to the period being adjudicated in the subsequent claim, *e.g.*, a few weeks" and "give less weight to such a prior finding as the proximity of the period previously adjudicated to the period being adjudicated in the subsequent claim becomes more remote, *e.g.*, where the relevant time period exceeds three years." *Id.* Ultimately, the ALJ must "consider all relevant facts and circumstances on a case-by-case basis." *Id.*

"Courts within the Fourth Circuit have generally found remand appropriate under AR 00-1(4) where an ALJ neglects to discuss a prior decision at the administrative hearing level, and the prior decision contains findings more favorable to the claimant than the ALJ's subsequent decision." *Stutler v. Colvin*, No. 2:15-CV-11418, 2016 WL 4211812, at *9 (S.D.W. Va. June 2, 2016), *report and recommendation adopted*, No. 2:15-CV-11418, 2016 WL 4203552 (S.D.W. Va. Aug. 9, 2016).[5] Similarly, in applying AR 00-1(4), a judge in this district has

---

[5] *See Barbee v. Colvin*, No. 5:14-CV-424, 2015 WL 5039124, at *8-*9 (E.D.N.C. Aug. 7, 2015) (unpublished) (recommending remand where ALJ's RFC finding did not include sit/stand option that was contained in past decision and ALJ failed to discuss past decision), *report and recommendation adopted by* 2015 WL 5054402 (E.D.N.C. Aug. 26, 2015) (unpublished); *Bennett v. Comm'r of Soc. Sec. Admin.*, No. 5:14CV100, 2015 WL 1280959, at *3, *13-*15 (N.D.W. Va. Mar. 20, 2015) (unpublished) (remanding where ALJ failed to discuss step two findings in prior decision and ALJ found fewer severe impairments at step two in later decision); *Bailey v. Colvin*, No. 6:13-cv-29150, 2015 WL 769843, at *11 (S.D.W. Va. Feb. 23, 2015) (unpublished) (remanding where "although the ALJ acknowledged AR 00–1(4), in his decision, he did not explain adequately how he considered and weighed the prior decision, especially regarding the RFC assessment and step two findings."); *Neal v. Astrue*, No. 5:08-

7

recognized that where an "ALJ [does] not address the prior ruling, this Court cannot review the ALJ's ultimate determination and cannot determine whether the ALJ weighed the prior adjudication in accordance with AR 00-1(4)." *See Manuel v. Colvin*, No. 1:11CV8, 2015 WL 519481, at *5-*6 (M.D.N.C. Feb. 9, 2015) (Peake, M.J.) (unpublished) (recommending remand where ALJ neglected to consider favorable step four finding in past decision and stating that court could not meaningfully review ALJ's decision because ALJ failed to discuss past decision), *recommendation adopted* Slip Op. (M.D.N.C. March 3, 2015) (Osteen, C.J.). On the other hand, as Defendant correctly points out (Docket Entry 10 at 9-10), at least one court within this circuit has found an ALJ's failure to mention AR 00-1(4) and a past decision does not require remand if the prior decision is contained in the List of Exhibits attached to the most recent decision and the findings in the subsequent decision are similar or more favorable to the claimant. *Harris v. Astrue*, No. 2:12-CV-45, 2013 WL 1187151, at *8 (N.D.W. Va. Mar. 21, 2013) (unpublished).

In light of all this, the undersigned concludes that an ALJ "must provide some semblance of an explanation to enable judicial review of his decision" where the ALJ's findings conflict with conclusions in a prior decision. *Bailey*, 2015 WL 769843, at *11. While a step-by-step analysis may not be required for an ALJ to comply with AR 00-1(4), ultimately, an

---

cv-1296, 2010 WL 1404096, at *7 (S.D.W. Va. Mar. 31, 2010) (unpublished) (remanding where ALJ's recent decision limited claimant to light work, but prior decision limited claimant to sedentary work, and ALJ failed to conduct analysis required by AR 00-1(4)); *Dozier v. Astrue*, No. 5:08CV174, 2009 WL 3063020, at *2, *45 (N.D.W. Va. Sept. 22, 2009) (unpublished) (remanding where ALJ cursorily mentioned previous finding of disability and failed to indicate weight assigned to that decision); *cf. Eatmon v. Colvin*, No. 5:13-CV-554, 2014 WL 4285140, at *2 (E.D.N.C. Aug. 29, 2014) (remanding where ALJ failed to discuss court's prior decision finding claimant disabled).

ALJ's written decision must provide some explanation for discrediting or failing to adopt past administrative findings favorable to the claimant. *Cf. Grant v. Colvin*, No. 4:12cv191, 2014 WL 852080, at *7 (E.D. Va. Mar. 4, 2014) (unpublished) (recognizing that ALJ need not "walk through each factor in order to comply with AR 00-1(4)" and finding that ALJ complied with AR 00-1(4) where he discussed the Ruling, the prior decision, and medical evidence that warranted changes in the RFC).

Here, ALJ Wordsworth did not mention the prior decision of ALJ Horne, much less expressly consider it in light of the factors set forth in AR 00-1(4). (Tr. 10-18, 63-72.) This poses a real problem for the Court in its efforts to review this case. This is because, in pertinent part, the RFC determination in the prior ALJ decision, authored by ALJ Horne, limits Plaintiff to simple, routine, and repetitive tasks in a low stress environment with low production demands and the RFC in the decision under review, authored by ALJ Wordsworth, does not. (*Id.* at 14, 67.) According to AR 00-1(4), ALJ Horne's earlier restrictive mental RFC finding should have been considered by ALJ Wordsworth "as evidence" to be given "appropriate weight in light of all relevant facts and circumstances." AR 00-1(4). By not acknowledging ALJ Horne's prior decision, or expressing adequate compliance with AR 00-1(4), it is unclear whether ALJ Wordsworth silently weighed and rejected ALJ's Horne's restrictive mental RFC restrictions, or simply neglected to consider them at all.[6]

---

[6] In the prior decision ALJ Horne also restricted Plaintiff to medium work, while ALJ Wordsworth limited Plaintiff to sedentary work in the current decision. (Tr. 14 and 67.) Since ALJ Wordsworth's limitation was greater than ALJ Horne's, the Court need not discuss this difference further.

Moreover, this issue may be outcome determinative. If Plaintiff were restricted to work which is unskilled, as with ALJ Horne, then pursuant to the testimony of the VE, she would be unable to return to her past relevant work. (Tr 56.) 20 C.F.R. §§ 404.1568(a) (stating that unskilled work "needs little or no judgment to do simple duties"); SSR 85-15, 1985 WL 56857, *4 (1985) ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."). This would result in a finding of 'disabled' under Grid Rule 201.06 given Plaintiff's advanced age and limitation to sedentary exertion (now 63 - 56 at the alleged onset date). (Tr. 30-31; 236.) *See* 20 C.F.R. Pt. 404, Subpt. P, Appendix II § 201.06; 20 C.F.R. § 404.1563(e)). This is, in fact, what Plaintiff's attorney argued here to ALJ Wordsworth. (Tr 291.) Given that the Court is left to speculate as to whether ALJ Wordsworth considered ALJ Horne's mental RFC finding, and weighed it in light of AR 00-1(4), the undersigned concludes that the most prudent course of action here is to remand for further clarification of this issue.

Defendant's arguments to the contrary are not convincing. First, insofar as the Commissioner contends that the Ruling is satisfied by an ALJ's general statement that the entire record was considered and the inclusion of a prior ALJ decision on an exhibit list, the undersigned disagrees with her proposed bright-line rule. "To hold that such boilerplate language meets the requirements of the Ruling would universally render an ALJ's written decision unreviewable under AR 00-1(4)." *Stutler*, No. 2:15-CV-11418, 2016 WL 4211812, at

\*9. "The ALJ has a duty to resolve conflicts within the record and provide the claimant with a justification for the resolution." *Id.* "[I]t is not within the province of a reviewing court to determine the weight of the evidence . . . [and] it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). As explained, this duty extends to conflicts between the Commissioner's own findings.

Second, the remaining cases Defendant cites in arguing that any error here is non-existent or harmless are factually inapposite to the case at hand. In *Grant v. Colvin*, for example, the ALJ not only "acknowledged that as an ALJ, he must consider previous findings as evidence and give it appropriate weight in his adjudication," but also "made it clear that the findings from the prior decision ha[d] been considered as required" and gave a reason for adopting different findings in the current decision. 2014 WL 852080, at \*7 (record citations omitted). In *Melvin v. Astrue*, "the ALJ did mention claimant's prior attempts to get benefits (including the August 20, 2001 denial)" and noted further that the claimant "had a previous [d]ecision by another [ALJ] in 2001." 602 F. Supp. 2d 694, 702 (E.D.N.C. 2009) (record citation omitted). Next, in *McKay v. Colvin*, the ALJ "noted that Claimant's prior applications had been denied in September 2007, and ALJ's Vogel's decision was made part of the record" and noted further that "the vocational expert was asked to presume that Claimant had all of the limitations and restrictions identified by [the prior ALJ and the current ALJ and] the vocational expert testified that . . . Claimant would be able to work as a non-governmental

11

mail clerk." No. CIV.A. 3:12-1601, 2013 WL 3282928, at *13-14 (S.D.W. Va. June 27, 2013) (unpublished).[7]

Here, the ALJ in this case never acknowledged her duty under AR 00-1(4), unlike the ALJ in *Grant*, never acknowledged the existence of a prior decision, unlike the ALJ in *Melvin*, and further failed to make it reasonably clear that she had considered and weighed the prior decision. And, as explained, the VE in this case did not render these errors harmless, unlike the VE in *McKay*, by finding that even with the limitations and restrictions of the prior ALJ, the Plaintiff could still work.

ALJ Wordsworth did give specific reasons for her lack of mental RFC restrictions in the current decision. (Tr. 14-17.) Nevertheless, ALJ Wordsworth gave these reasons without making it possible for this Court to determine if she ever weighed and considered ALJ Horne's prior mental RFC finding. As explained, ALJ Horne's mental RFC finding in the previous decision (which constituted evidence which ALJ Wordsworth had a duty to consider and weigh) conflicted with ALJ Wordsworth's ultimate RFC determination in this case, which did not include any mental limitations. As noted, this leaves the Court to speculate as to whether the ALJ considered this conflicting evidence at all. *See, e.g., Mundy v. Colvin*, No. 1:15CV496, 2016 WL 4524436, at *7 (M.D.N.C. Aug. 24, 2016) (unpublished) ("[I]it is not the province of

---

[7] *See also Stutler*, 2016 WL 4211812, at *11-12 (finding failure to include reading and writing restrictions in current RFC harmless error where "ALJ Chapman never concluded [in the prior decision] that Claimant was illiterate; rather, ALJ Chapman found that Claimant possessed a high school education with some special education classes" and because "even if the [current] ALJ had incorporated the findings of ALJ Chapman's 2003 written decision into the most recent written decision, Claimant would not have [satisfied] . . . the Grids.").

12

the Court to review the evidence de novo, reconcile conflicting evidence left unaddressed by the ALJ, or find facts in the first instance. That is the duty of the ALJ and because it is not clear whether the ALJ meaningfully discharged this duty here, remand is proper."), *recommendation adopted* Slip Op. (M.D.N.C. Sept. 14, 2016) (Biggs, J.)

In short, the Commissioner must consider "all the evidence and explain on the record the reasons for [her] findings, including the reason for rejecting relevant evidence in support of the claim. Even if legitimate reasons exist for rejecting or discounting certain evidence, the [Commissioner] cannot do so for no reason or for the wrong reason." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir.1980) (citation omitted). The ALJ's duty of explanation is satisfied "[i]f a reviewing court can discern 'what the ALJ did and why he did it.'" *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n. 10 (4th Cir. 1999). Here, because the ALJ failed to provide sufficient explanation to support her RFC assessment, the Court "cannot tell whether [his] decision is based on substantial evidence." *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986).

None of this necessarily means that Plaintiff is disabled under the Act and the undersigned expresses no opinion on that matter. Nevertheless, the undersigned concludes that the proper course here is to remand this matter for further administrative proceedings. The Court declines consideration of the additional issues raised by Plaintiff at this time. *Hancock v. Barnhart*, 206 F.Supp.2d 757, 763-764 (W.D. Va. 2002) (on remand, the prior decision of no preclusive effect, as it is vacated and the new hearing is conducted).

## V. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that the decision of the ALJ is not susceptible to judicial review. Accordingly, this Court **RECOMMENDS** that the Commissioner's decision finding no disability be **REVERSED**, and the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further administrative action as set out above. To this extent, Plaintiff's motion for judgment on the pleadings (Docket Entry 7) should be **GRANTED** and Defendant's motion for judgment on the pleadings (Docket Entry 9) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

January 19, 2017
Durham, North Carolina